IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**KEVIN G. ROBINS,**

        **Plaintiff,**

v.                                                  Civil Action No. 4:05cv104

**HONORABLE CHARLES F. MOORE, Sheriff**
**Newport News, Virginia**

        **Defendant.**

## OPINION and ORDER

This matter comes before the court on the defendant's, Charles F. Moore, "Motion to Dismiss Amended Complaint", filed on April 4, 2006. The court has reviewed the record and finds that a hearing is unnecessary for the resolution of the issues presented. For the reasons set out herein, the court **DENIES** the defendant's motion to dismiss.

### I. Procedural Background

On June 10, 2005, pro se plaintiff, Kevin G. Robins, filed a Complaint against the defendant, Charles E. Moore, Sheriff, and the Newport News Sheriff's Department alleging violations of Title VII of the Civil Rights Act of 1964 and the Virginia Human Rights Act based on his race. The plaintiff had previously filed a complaint with the EEOC and had received a right to sue letter. On February 1, 2006, after some initial confusion over the sufficiency of service on the defendants, defendant Moore filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. On March 3, 2006, at a hearing regarding this matter, the court dismissed the Newport News Sheriff's Department as a defendant, denied defendant Moore's motion to dismiss, and ordered

1

the plaintiff to file a more specific amended complaint.

On March 24, 2006, the plaintiff filed his Amended Complaint subject to defect for failing to attach a certificate of service. On April 4, 2006, defendant Moore filed another Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. As the plaintiff did not respond to the defendant's motion, and his time to do so has passed, the defendant's motion is ripe for review.

## II. Factual Background

As the matter is before the court on the defendant's motion, the following facts are construed in the light most favorable to the plaintiff, the non-moving party. See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). On November 7, 2002, the plaintiff, a black male, started working as a Deputy Sheriff for defendant Moore, a white male. On an unspecified date in June 2003, while dining at a public restaurant, the plaintiff, while in uniform, asked the manager for a discount in response to the rude service he had received from a waitress.[1] The manager offered the plaintiff a $3.50 discount, which the plaintiff accepted. Later, after relaying the incident to another deputy, the plaintiff learned that asking for a discount while in uniform was a violation of the Sheriff's code of conduct. After learning of his mistake, the plaintiff claims that he called the manager of the restaurant, apologized for his inquiry, and returned the $3.50.

Nonetheless, the plaintiff was suspended from his duties for three days pending further

---

[1] The plaintiff states that it was alleged that when he asked for the discount, he "acted out of uniform and caused a scene." (Amended Compl. at 20-21.) Although this statement is somewhat unclear, the court does not interpret this language to mean that the plaintiff was not wearing his uniform. Instead, the court believes that what the plaintiff is trying to convey by the phrase "acted out of uniform" is that the plaintiff was wearing his uniform, but was acting in a manner that was *unbecoming* to his official position as a deputy sheriff.

investigation into the matter. While waiting for the investigation to conclude, the plaintiff wrote a letter to the Sheriff admitting his guilt and apologizing for his behavior. The plaintiff claims that while the investigation was pending, Lieutenant Moore, who is defendant Moore's son and was one of the officers conducting the investigation, told the plaintiff in confidence that the plaintiff should not consider resigning as a result of the incident because the manager of the restaurant had corroborated the plaintiff's account of events. Specifically, the Sheriff's son stated that the restaurant manager confirmed that he, the manager, had voluntarily offered the discount after the plaintiff had inquired, and that the plaintiff had not caused a scene. However, on June 27, 2003,[2] before the investigation had concluded, defendant Moore met with the plaintiff and told him that he would be fired if he did not resign. The plaintiff immediately resigned in response to this threat.[3] The plaintiff claims that the defendant's son, Lieutenant Moore, ignored what he learned during the investigation and went along with his father's decision simply because of the familial relationship. The plaintiff claims that defendant Moore discriminated against him based on his race[4] by disciplining the plaintiff, who had no disciplinary record, more harshly than other white deputy sheriffs who had committed similar or worse infractions and had prior disciplinary records.

---

[2] It is unclear whether the plaintiff was allegedly forced to resign on June 27 or June 24, 2006. The Amended Complaint cites both dates. (Amended Compl. at 1-2).

[3] The court notes that it is questionable whether the plaintiff actually suffered an adverse employment action beyond the three day suspension, since he actually resigned in response to defendant Moore's threat. However, because the court must construe the facts in the light most favorable to the plaintiff, the court concludes that, for purposes of this motion, the plaintiff's resignation was involuntary. Stone v. University of Maryland Medical System Corp., 855 F.2d 167, 174 (4th Cir. 1988).

[4] The plaintiff also briefly mentions the defendant may have discriminated against him based on his youth. However, Title VII does not provide a basis for relief for discrimination based on youth.

The plaintiff specifically compares his situation to three other deputy sheriffs: Deputy Mara, Deputy Cope, and Deputy Rosa. First, the plaintiff claims that Deputy Mara, a white male, admitted to using racial slurs against prisoners on several occasions, yet, was only suspended without pay for ten days for his behavior and placed on six months probation. On another occasion, Deputy Mara failed to obey the orders of a Sargent and verbalized his refusal in the presence of fellow deputies, yet was only suspended without pay for ten days. Deputy Mara had also escorted a prisoner out of a secured jail without authorization and proper restraints and failed to notify his supervisor that a security breach had occrred, for which he only received a one day suspension without pay.

Second, the plaintiff claims that Deputy Cope, another white male, was seen outside the jail in uniform assaulting his girlfriend. The incident was reported by another deputy, however, Deputy Cope was neither fired nor suspended. (Amended Compl. at 3.) Finally, the plaintiff claims that Deputy Rosa, a white female, "who had enormous [prior] infractions[,] was seen and reported in public buying alcoholic beverages in uniform and caused a scene." The plaintiff states that it is a violation of the code of conduct to purchase alcohol in uniform, yet Deputy Rosa was never fired or suspended. (Id.) The plaintiff asks for damages in relation to the alleged disparate discipline that he suffered.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the defendant to request dismissal if the plaintiff has filed a claim upon which relief cannot be granted. FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim upon which relief can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven." America Online, Inc. v.

GreatDeals.Net, 49 F. Supp. 2d 851, 854 (E.D. Va. 1999). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (Citations omitted).

While the court must take the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions. See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal should not be granted unless the moving party can demonstrate that no set of allegations will support the complaint. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979). Furthermore, in a case involving a pro se plaintiff, the court should construe the complaint liberally.[5] Weller v. Department of Social Services, 901 F.2d 387, 391 (4th Cir. 1990); see also Haines v. Kerner, 404 U.S. 519, 520 (noting that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers").

However, as this court previously noted in Quattlebaum v. Earl Industries, L.L.C., No. 2:05cv356, 2005 U.S. Dist. LEXIS 32419 (E.D.Va. Sept. 2, 2005), there is some disagreement

---

[5] The court notes that the plaintiff did not respond to the defendant's motion to dismiss. Furthermore, as stated above, the plaintiff's Amended Complaint was filed subject to defect for failing to attach a certificate of service. However, it is clear that the plaintiff sent a copy of the Amended Complaint to the defendant because the defendant filed the instant motion to dismiss. Because the plaintiff is pro se, the court gives the plaintiff the benefit of the doubt. However, the court warns the plaintiff that all future pleadings must be filed in accordance with the rules, which includes attaching a certificate of service.

within the Fourth Circuit as to what constitutes a sufficient pleading for Rule 12(b)(6) purposes in discrimination cases. In Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002), the Supreme Court held that a complaint need not establish a prima facie case of discrimination because a "prima facie case . . . is an evidentiary standard, not a pleading requirement." Id. However, interpreting Swierkiewicz, the Fourth Circuit has held that although a plaintiff need not "forecast evidence," nor plead sufficient facts to prove [his] case, "as an evidentiary matter, in [his] complaint, a plaintiff *is* required to allege facts that support a claim for relief." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003), cert. denied, 540 U.S. 940 (2003).  Thus, it seems that it is the Fourth Circuit's position that Swierkiewicz does not "remove[] the burden of a plaintiff to allege facts sufficient to state all the elements of [his] claim." Id.

Since the court of appeals ruling in Bass, district courts within the Fourth Circuit have applied differing standards. Compare Cockerham v. Stokes County Bd. of Educ., 302 F. Supp. 2d 490, 495 (M.D.N.C. 2004) (applying the standard as set forth in Bass requiring that plaintiff allege facts sufficient to state each element but noting: "By continuing to apply a heightened pleading standard after Swierkiewicz, the Fourth Circuit is at odds with the Supreme Court's clear pronouncement"), with Fletcher v. Tidewater Builders Ass'n, 216 F.R.D. 584, 589 (E.D. Va. 2003) (applying the liberal pleading standard under FED. RULE CIV. PROC. 8(a)(2) and Swierkiewicz, stating: "For purposes of a motion to dismiss, it is clear that Plaintiff need not state a prima facie case under the ADA").

As in Quattlebaum, this court again declines to comment on the proper synthesis of the holdings in Swierkiewicz and Bass, and instead follows the interpretation of Swierkiewicz as

adopted by the Fourth Circuit in Bass.⁶ However, unlike Quattlebaum, in applying such interpretation, the court finds that the instant plaintiff's Amended Complaint is sufficient to survive the defendant's Rule 12(b)(6) motion to dismiss. In other words, even under the more conservative standard set forth in Bass, the plaintiff has stated a claim upon which relief can be granted, specifically a claim for disparate discipline.

### III. Discussion

In his motion to dismiss, the defendant argues that the plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. Specifically, the defendant claims that the plaintiff has failed to allege a prima facie case of disparate discipline because the offenses of the white deputies to which the plaintiff compares his own offense are not similar in nature, nor has he alleged that two of the other deputies' offenses were even brought to the attention of defendant Moore.

In the absence of direct evidence of discrimination, a plaintiff must resort to the McDonnell Douglas presumption framework in order to establish a claim of disparate discipline. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In order to establish a prima facie case under such framework, the plaintiff must show "(1) that he is a member of the class protected by Title VII, (2) that the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class, and (3) that the disciplinary measures enforced against him were more severe than those enforced against those other

---

[6] It is the role of this court to follow the Fourth Circuit's interpretation. Cockerham, 302 F. Supp. 2d at 495; see also Hart v. Massanari, 266 F.3d 1155, 1175 (9th Cir. 2001) (stating that "[a] district court bound by circuit authority . . . has no choice but to follow it"); Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 775 (4th Cir.2003) (Luttig, J., dissenting) (arguing that the court's failure to follow binding precedent "render[s] principled predictions as to the [law] in our circuit . . . all but impossible").

employees." Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993) (citing Moore v. City of Charlotte, NC, 754 F.2d 1100, 1105-06 (4th Cir.), cert. denied, 472 U.S. 1021, 87 L. Ed. 2d 623, 105 S. Ct. 3489 (1985)).

"An obvious problem with claims of racial discrimination in the disciplinary context arises under the requirement that the court must compare the plaintiff's discipline with the discipline imposed against persons outside the plaintiff's class for similar offenses. However, in reality 'the comparison will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances.'" Burwell v. Philip Morris, No. 94-1519, 1994 U.S. App. LEXIS 35247, 6-8 (4th Cir. 1994)(citing Cook, 988 F.2d at 511). The Fourth Circuit has held that "precise equivalence in culpability between employees is not the ultimate question: . . . an allegation that other []employees involved in acts against [the employer] of comparable seriousness . . . were nevertheless retained . . . is adequate to plead an inferential case. . . ." Moore v. Charlotte, 754 F.2d 1100, 1107 (4th Cir. 1985)(quoting McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 283 n.11 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804(1973))). Thus, the district court must "assess[ ] the gravity of offenses on a relative scale." Moore, 754 F.2d at 1107 (Citations omitted).

In this case, it is undisputed that the plaintiff has sufficiently alleged the first element of a disparate discipline claim by stating that he is black. Thus, the issue is whether he has sufficiently alleged that "the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class", and "that the disciplinary measures enforced against him were more severe than those enforced against those other employees." Cook , 988 F.2d at 511.

The plaintiff has compared his situation to that of three other white deputy sheriffs. First, the plaintiff claims that Deputy Mara committed several disciplinary violations that were worse than his own misconduct, but for which Deputy Mara received less severe disciplinary action. Specifically, the plaintiff claims that Deputy Mara (1) admitted to using racial slurs against prisoners on several occasions, for which he received ten days suspension without pay and six months probation; (2) failed to obey the orders of a Sargent and verbalized his refusal in the presence of fellow deputies, for which he received ten days suspension without pay; and (3) escorted a prisoner out of a secured jail without authorization and proper restraints and failed to alert his supervisor of the security breach, for which he received a one day suspension without pay.

The defendant claims that the conduct for which Deputy Mara was disciplined does not meet the similarity requirement of a disparate discipline claim. The court agrees with the defendant's argument as to Deputy Mara. Although Deputy Mara's infractions were serious, they were all internal to the jail. In other words, none of Deputy Mara's conduct took place in public, nor did it involve the critical issue of the public's perception of the Sheriff's department, as the plaintiff's misconduct obviously involved. Accordingly, the court finds that the plaintiff's comparison to Deputy Mara is insufficient to satisfy the pleading requirement.

Next, the plaintiff compares his misconduct to that of Deputy Cope and Deputy Rosa. The plaintiff claims that Deputy Cope, also a white male, was seen outside the jail in uniform assaulting his girlfriend. The plaintiff claims that the incident was reported by another deputy, however, Deputy Cope was neither fired nor suspended. Furthermore, the plaintiff claims that Deputy Rosa, a white female, "who had enormous [prior disciplinary] infractions[,] was seen and reported in public buying alcoholic beverages in uniform and caused a scene." (Amended

Compl. at 3.) The plaintiff states that it is a violation of the code of conduct to purchase alcohol in uniform, yet Deputy Rosa was never fired or suspended for her actions.

In response to the plaintiff's comparisons to Deputies Cope and Rosa, the defendant first claims that the plaintiff's complaint should be dismissed because the plaintiff has failed to allege that either of these two incidents were brought to the attention of defendant Moore. However, the defendant has failed to submit any support for his claim that, for purposes of Rule 12(b)(6), the plaintiff must allege that his employer was aware of the comparable misconduct of the other employees. The court acknowledges that on a motion for summary judgment, lack of knowledge of the misconduct of other employees may be a defense to a disparate discipline claim.[7] However, on a motion to dismiss pursuant to Rule 12(b)(6), the court must simply determine if, from the face of the complaint, the plaintiff has plead sufficient facts to conclude that he has stated a claim for which relief can be granted. Thus, the defendant's argument that he may not have known about the misconduct of Deputies Cope and Rosa is premature. Moreover, with regard to the alleged assault by Deputy Cope, the plaintiff alleges that the incident was reported by another deputy.

The defendant also claims that the plaintiff has failed to state a claim because the misconduct of Deputies Cope and Rosa was different in character than the plaintiff's offense. Specifically, the defendant claims: "The gravamen of the plaintiff's offense is a misuse of his official position to pressure a merchant into giving him something. These kind of strong arm tactics call into question the integrity of the department." (Def. Br. at 3.) The court agrees with the defendant that the plaintiff's conduct could call into question the integrity of the department,

---

[7] The court notes that the defendant does not categorically deny having knowledge of Deputies Cope and Rosa's misconduct; instead, he simply argues that the plaintiff does not allege that the defendant had such knowledge.

but disagrees, without further evidence, with the defendant's conclusion that the misconduct of Deputies Cope and Rosa was different in character than the plaintiff's misconduct.

As stated above, in a disparate discipline case, "the comparison [of offenses] will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances." Burwell v. Philip Morris, 1994 U.S. App. LEXIS 35247, 6-8 (4th Cir. 1994)(citing Cook, 988 F.2d at 511). Thus, the court must "assess[ ] the gravity of offenses on a relative scale." Moore, 754 F.2d at 1107 (Citations omitted). In this case, without further evidence, it appears that the misconduct of Deputies Cope and Rosa is sufficiently similar in nature to that of the plaintiff's in that it questions the integrity of the Sheriff's department in the eyes of the public. Deputy Cope was seen outside of the jail allegedly assaulting his girlfriend. Such a public display of aggression, without further evidence, clearly calls the integrity of the Sheriff's department into question in the public eye, arguably as much or more than asking for a discount while in uniform. As to Deputy Rosa, the plaintiff alleges that she made a scene while purchasing alcohol in uniform, which the plaintiff claims is a violation of the code of conduct. Although the plaintiff does not recount the specifics of the scene that Rosa allegedly caused, the purchase of the alcohol while in uniform is arguably similar to the plaintiff's behavior in that the reputation of the Sheriff's department is at issue.[8] Thus, because the plaintiff alleges that neither Deputy Rosa, who allegedly had an extensive disciplinary record, nor Deputy Cope were disciplined for their conduct, the court finds that the plaintiff has sufficiently plead his claim in order to survive a 12(b)(6) motion. Accordingly, the defendant's motion is denied.

---

[8] The court notes that the conclusions made in this Opinion apply solely to the instant 12(b)(6) motion. Such conclusions do not preclude the court from making contrary findings on any future motion after viewing further evidence presented to the court.

## IV. Conclusion

After reviewing the facts in the light most favorable to the plaintiff, the court finds that the plaintiff has set forth a claim upon which relief can be granted. Accordingly, the defendant's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED.**

The Clerk is **REQUESTED** to mail copies of this order to the pro se plaintiff and counsel for the defendant.

**IT IS SO ORDERED.**

                                            /s/
                              Jerome B. Friedman
                      UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 30, 2006